UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Kevin McGee, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 09-11929-JLT |
| | * | |
| | * | |
| JOHN LLEWELLYN, ROBERT | * | |
| MANZANELLA, and | * | |
| STANLEY CLEAVES | * | |
| | * | |
| Defendants. | * | |

ORDER of DISMISSAL

March 30, 2010

TAURO, J.

After reviewing the Parties' submissions, this court hereby orders that Defendant Robert Manzanella's Motion to Dismiss [#12] is ALLOWED. On April 16, 2003, Plaintiff filed a complaint in this court alleging facts and claims against Defendants Robert Manzanella and Stanley Cleaves that are substantially identical to those asserted in the present action.[1] On December 2, 2004, Magistrate Judge Collings dismissed the prior action for lack of prosecution and entered judgment for Defendants.[2] Because a dismissal for lack of prosecution pursuant to Fed. R. Civ. P. 41(b) operates as an adjudication on the merits, the doctrine of res judicata bars Plaintiff from now pursuing this action, which plainly "grows out of the same transaction or series

---

[1] See Def.'s Mem. Supp. Mot. Dismiss, Ex. 1, Complaint, Kevin McGee v. Robert Manzella, et al., C.A. No. 2003-10720-RBC.

[2] See Def.'s Mem. Supp. Mot. Dismiss, Ex. 3, Judgment, Kevin McGee v. Robert Manzella, et al., C.A. No. 2003-10720-RBC.

of connected transactions as the old complaint."[3]  Accordingly, <u>Defendant Robert Manzanella's Motion to Dismiss</u> [#12] is ALLOWED.  Because the above analysis applies with equal force to the claims asserted against Defendant Stanley Cleaves, this action is DISMISSED as to both remaining defendants.  This case is CLOSED.

IT IS SO ORDERED.

                  /s/ Joseph L. Tauro
                United States District Judge

---

[3]<u>Havercombe v. Dep't of Educ. of the Commonwealth of P.R.</u>, 250 F.3d 1, 4 (1st Cir. 2001) (internal quotation omitted).  This court notes that Plaintiff's current complaint does allege facts occurring after the prior judgment, but none of these additional allegations assert new instances of wrongdoing by Defendants Manzanella and Cleaves.  Rather, the factual allegations arising out of post-judgment conduct pertain only to Defendant John Llewellyn, who has already been dismissed from the case.